**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Edward J. TIERNEY, Defendant—**
**Appellant.**

No. 01–10187.

D.C. No. CR–00–00123–PMP/RJJ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 13, 2002.

Decided March 19, 2002.

Before REINHARDT, NOONAN, and FERNANDEZ, Circuit Judges.

### MEMORANDUM*

Defendant Edward Tierney ("Tierney") is currently serving a three-year period of supervised probation with conditions for Unlawful Mailing of Injurious Article in violation of 18 U.S.C. § 1716(a) and Unlawful Transportation and Sale of Reptile in violation of the Lacey Act, 16 U.S.C. §§ 3372(a)(2)(A) & 3373(d)(2). Tierney argues that the district court committed a reversible error by failing to allow a jury instruction on entrapment and that the Nevada state law upon which the Lacey Act offense was based was unconstitutionally vague.

The district court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. Because the parties are disputing whether the required factual foundation exists for a proposed jury instruction, this court reviews for abuse of discretion. *U.S. v. Wills,* 88 F.3d 704, 715 (9th Cir.1996). A district court's interpretation and construction of a statute is a question of law reviewed de novo in this circuit. *Silver Sage Partners, Ltd. v. City of Desert Hot Springs,* 251 F.3d 814, 819 (9th Cir.2001).

We hold that the district court did not err by denying Tierney's proposed jury instruction on entrapment and that Nevada Administrative Code 504.471 is not unconstitutionally vague.

The basic facts have already been set forth by both parties in their briefs.

■ A criminal defendant is entitled to a jury instruction "on any defense which provides a legal defense to the charge against him and which has some foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility." *U.S. v. Yarbrough,* 852 F.2d 1522, 1541 (9th Cir. 1988). To be entitled to an entrapment instruction, Tierney must present evidence on the following two elements: (1) a government agent induced him to commit the illegal act; and (2) he was not predisposed to commit the act. *U.S. v. Lee,* 846 F.2d 531, 534 (9th Cir.1988).

Tierney failed to present any evidence that would support his position on either element. Rather than indicating government inducement or lack of predisposition, the evidence showed that the government merely provided Tierney with an opportunity to sell what he was already ready and willing to sell. When contacted by Croll, Tierney assured him he had a continuous supply of Nevada rattlesnakes, and he gave Croll a price list he had prepared before being approached by the government. At no point did Tierney exhibit any reluctance to consummate the transaction with Croll.

■ The meaning of "wildlife" as used in NAC 504.471 is not unconstitutionally vague. When read in conjunction with the Nevada Revised Statutes, it is clear that "wildlife" includes all wildlife, "whether in-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

digenous to Nevada or not." NRS 501.097.

The decision of the district court is AFFIRMED.